UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In Re: Ashok K. Khera,

        Debtor.

Case No. 07-05-20733 ML

_____

PHILIP J. MONTOYA, Trustee,

        Plaintiff,

v.                                             Adversary No.: 07-1116M

CITIZENS BANK OF LAS CRUCES,
ADIL RIZVI, HASAN ADNAN, VIDYA BAKSHI,

        Defendants.

**ORDER GRANTING DEFENDANT CITIZENS BANK OF LAS CRUCES'
MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-
MOTION FOR SUMMARY JUDGMENT**

THIS MATTER came before the Court on Cross-Motions for Summary Judgment filed by Defendant Citizens Bank of Las Cruces, by and through its attorneys, Martin, Lutz, Hosford, & Eubanks, P.C. (David P. Lutz) and Plaintiff, Philip J. Montoya, Trustee, by and through his attorneys, Moore, Berkson & Gandarilla, P.C. The Trustee filed this adversary proceeding against the Defendants to avoid preferential transfers and to recover their value under 11 U.S.C. §547. Defendant requests summary judgment on the Plaintiff's Complaint to Avoid Preferences, arguing that the ordinary course exception under 11 U.S.C.§547(c)(2)[1] applies to prevent the

---

[1] This section of the statute was amended pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, ("BAPCPA") Pub.L. No. 109-8, § 409 (2005), applicable to cases commenced on or after October 17, 2005. The main bankruptcy proceeding herein was filed before October 17, 2005. Thus, the 2005 amendments do not apply to this adversary proceeding.

1

Plaintiff from recovering any loan payments made to Citizens Bank during the preference period. Trustee counters that the ordinary course exception is inapplicable because (1) the underlying debt was not incurred by the individual defendants or the debtor's former business and (2) the fact that the initial loan payments on the restructured debt were late.

Upon review of the Motion, Cross Motion, responses and reply in light of the applicable standards for summary judgment, the Court finds that Defendant's arguments raise a valid defense to the Complaint, that there are no genuine issues of material fact, and that Defendant is entitled to summary judgment as a matter of law. Accordingly, the Court will grant the Defendant's Motion and Deny the Plaintiff's Cross-Motion.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7056, Fed.R.Bankr.P. Cross motions for summary judgment raise an inference that summary judgment will be appropriate; however, the Court must nevertheless determine whether plaintiff or defendant independently satisfies the requirements for summary judgment.[2] "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial" through affidavits or other supporting evidence.[3] In determining whether genuine issues of material fact preclude summary

---

[2] *In re Harris*, 209 B.R. 990, 998 (10th Cir. BAP 1997) (citing *Renfro v. City of Emporia*, 948 F.2d 1529, 1534 (10th Cir.1991) and *SEC v. American Commodity Exch., Inc.,* 546 F.2d 1361, 1365 (10th Cir.1976)) .

[3] *In re Baines*, 337 B.R. 392, 396 (Bankr.D.N.M. 2006.)

judgment, the Court will construe the evidence in the light most favorable to the party opposing summary judgment.[4] In light of these standards the Court will consider the cross motions for summary judgment.

## UNDISPUTED FACTS

The following facts are not in dispute:

1. Debtor Ashok Khera was a principal of TNM, LLC. *See* Statement of Financial Affairs filed in Case No. 11-05-10788. (Docket #20); s*ee also* Statement of Financial Affairs filed in Case No. 7-05-20733 (Docket # 5).

2. Debtor and Defendants Adnan, Rizvi and Bakshi were personal guarantors on an unsecured business line of credit for TNM, LLC held by Defendant Citizens Bank of Las Cruces. *See* Schedule F in Case No. 11-05-10788. (Docket #20); *See also* Affidavit of Hotch Manning, attached as Exhibit "A" to Citizens Bank's Motion for Summary Judgment, at para. 3.

3. In 2004, the TNM, LLC line of credit became past due. *See* Affidavit of Hotch Manning, attached as Exhibit "A" to Citizens Bank's Motion for Summary Judgment, at para. 4.

4. Debtor sought to restructure the TNM, LLC debt to a term loan. *Id.*

5. Debtor and Defendants Adnan and Rizvi entered into a Promissory Note with Citizens Bank dated July 29, 2004 in the principal amount of 75,409.24. *See* Answer to Trustee's Complaint to Avoid Preference (Docket # 4 ).

6. The Promissory Note restructured TNM, LLC's debt which included the past due credit line, an overdraft account and attorneys fees. *See* Affidavit of Hotch Manning attached to

---

[4]*Harris v. Beneficial Oklahoma, Inc.*, (In re Harris), 209 B.R. 990, 995 (10th Cir. BAP 2007; *Henderson v. Inter-Chem Coal Co.*, 41 F. 3d 567, 569 (10th Cir. 1994)

Defendant Citizen Bank's Memorandum in Support of Motion for Summary Judgment; Affidavit of Philip J. Montoya In Support of Plaintiff's Response to Citizen Bank of Las Cruces' Motion for Summary Judgment.

7. The first payment on the Promissory Note was due on August 29, 2004, but was not made until November 2004. *See* Affidavit of Hotch Manning attached to Defendant Citizen Bank's Reply in Support of Motion for Summary Judgment ; Affidavit of Philip J. Montoya In Support of Plaintiff's Response to Citizen Bank of Las Cruces' Motion for Summary Judgment. at para. 7.

8. TNM, LLC filed for bankruptcy relief under Chapter 11 on February 7, 2005. *See* Case No. 11-05-10788 (Docket #1)

9. Debtor made monthly payments of $2,429.60 on the Promissory Note beginning November 2004 and continued through September 2005. *See* Exhibit 3 to Affidavit of Hotch Manning attached to Defendant Citizen Bank's Memorandum in Support of Motion for Summary Judgment.

10. Debtor made loan payments on or about the 7th of each month and tendered the payments by check. *See* Exhibits 3 and 4 to Affidavit of Hotch Manning attached to Defendant Citizen Bank's Memorandum in Support of Motion for Summary Judgment; Exhibit 4 to Affidavit of Philip J. Montoya In Support of Plaintiff's Response to Citizen Bank of Las Cruces' Motion for Summary Judgment.

11. Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 13, 2005. *See* Case No. 7-05-20733 ML (Docket #1).

12. Debtor made two (2) payments totaling $4859.20 to Citizens Bank during the ninety

4

(90) day period preceding the filing of the bankruptcy petition.  *See* Trustee's Complaint to Avoid Preference (Docket #1 )and Defendant Citizens Bank's Answer (Docket # ).

13. Debtor was indebted to Citizens Bank at the time of the payments during the preference period.  *See* Trustee's Complaint to Avoid Preference (Docket # 1)and Defendant Citizens Bank's Answer (Docket #4 ).

14.  The payments were made on account of an antecedent debt.  *See* Trustee's Complaint to Avoid Preference (Docket #1 )and Defendant Citizens Bank's Answer (Docket # 4).

## DISCUSSION

The Trustee may avoid a transfer of property if the transfer meets the criteria set forth in 11 U.S.C. §547(b).  The Trustee has the burden of proving the transaction is avoidable by a preponderance of the evidence.[5]  In his Complaint, the Trustee seeks to recover certain pre-petition loan payments, made by the Debtor to Citizens Bank, pursuant to 11 USC § 547(b) which provides:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property -
> (1) to or for the benefit of a creditor;
> (2) for or account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made -
> (A) on or within the 90 days before the date of the filing of the petition; or
> (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if-
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and

---

[5] *In re M & L Business Machine Company, Inc.* 155 B.R. 531, 534 ((Bankr. D.Colo. 1993)(the initial burden lies on the Trustee to establish the elements of Section 547(b) by a preponderance of the evidence.)

5

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. §547(b).

The facts contained in the record establish that the elements of a preferential transfer exist. Debtor obtained a loan in 2004 from Citizens Bank in an effort to refinance existing debt. Citizens Bank admits that loan payments in the amount of $ 4,859.20 were received from the Debtor within the ninety day period preceding the Debtor's bankruptcy filing. Defendant Citizens Bank further admits the payments were a benefit to the bank and made on account of an antecedent debt. Under 11 U.S.C. §547(f), the Debtor is presumed insolvent "on and during the 90 days immediately preceding the date of the filing of the petition," for the purposes of 11 U.S.C.§547. The refinanced loan was not secured and as such allowed Defendant to receive more that it would in a Chapter 7. Therefore based on these facts, the Court finds that the payments were preferential transfers.

Once the Trustee meets the initial burden showing within the meaning of §547 all preference elements, the burden shifts to the creditor to establish that one of the exceptions applies.[6] In this case, Citizens Bank asserts that the transfers were made in the "ordinary course of business" pursuant to 11 USC §547(c)(2) which provides:

(c) The trustee may not avoid under this section a transfer-
    (2) to the extent that such transfer was-
        (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;
        (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
        (C) made according to ordinary business terms...

---

[6] *Jobin v. McKay* ( In re M&L Business Machine Company, Inc.), 155 B.R. 531, 534 (Bankr. D. Colo 1993);

6

11 U.S.C. §547(c)(2).

The underlying purpose of the ordinary course exception is to leave undisturbed normal financing relations because it does not detract from the general policy of the preference section to discourage unusual activity by either the Debtor or his creditors during the Debtor's slide into bankruptcy.[7] To satisfy this exception a creditor must show that the payments were made in the ordinary course of the creditor's business, made according to ordinary business terms and made in the ordinary course of business.[8] This exception is narrowly construed and requires that the creditor satisfy all three elements set forth by the statute.[9] The Tenth Circuit has held that this exception contains a subjective test in subsection (B) and an objective test in subsection (C).[10] The subjective test examines whether the transfers at issue were "ordinary as between the parties" and the objective test examines whether the transfers at issue were "ordinary in the industry" or under "ordinary business terms."[11] The creditor has the burden of establishing each of these elements by a preponderance of the evidence.[12]

**11 USC §547(c)(2)(A)**

The first inquiry under the ordinary course of business defense is whether the debt was

---

[7] *In re Magic Circle Energy Corp.*, 64 B.R. 269, 272( Bankr. W.D. Okla.1986).

[8] *Id.*

[9] *Payne v. Clarendon Nat'l Ins. Co.*(In re Sunset Sales, Inc.) 220 B.R. 1005, 1020(10th Cir. BAP 1998)

[10] *Id*

[11] *Id* at 1020-21.

[12] *In re Allied Carriers' Exchange, Inc.*, 375 B.R. 610, 616 (10th Cir.BAP Colo.2007); *In re Rocor International, Inc.* 352 B.R. 319, 334 (Bankr.W.D.Okla.,2006); *Clark v. Balcor Real Estate Fin., Inc.* ( *In re Meridith Hoffman Partners*), 12 F.3d 1549, 1553 (10th Cir.1993).

incurred in the ordinary course of business between the debtor and transferee. "There is generally no disagreement over the first requirement that a debt was incurred in the ordinary course of business of the debtor and the transferee.[13] But in the instant case, the Trustee argues that the transaction at hand was not made in the ordinary course of business between the parties.

The Trustee's affidavit cites to information contained in financial statements provided to Citizens Bank by another defendant in this proceeding, Adil Rizvi. The Trustee asserts that based on the information contained in Mr. Rivzi's financial statements, provided to Citizens Bank for the purpose of obtaining the restructured debt, the underlying debt was obtained as a credit line for "Sky Blue Investments, LLC." an unrelated company. He further asserts that, since the underlying debt was not related to the Debtor or to TNM, LLC, the restructured debt is also unrelated and therefore the transaction is not in the ordinary course of business between these parties. In addition, Trustee argues that the transaction is not in the ordinary course because Citizens Bank was aware that TNM, LLC, Debtor's company, filed for bankruptcy relief in February 2005.

Citizens Bank contends that the parties entered into a refinancing agreement of TNM, LLC's debt because the Debtor and the other defendants were personal guarantors. The guarantors sought to refinance a non-performing loan as well as restructure an overdraft account. At the time of the refinance, Citizens Bank was not aware that Debtor or TNM, LLC planned to

---

[13] *In re Furrs Supermarkets, Inc*. 296 B.R. 33, 40 (Bankr.D.N.M. 2003) ("reported cases under 547(c)(2) overwhelmingly focus on subsections (B) and (C). Under those sections the creditor must prove that the transfers were ordinary as between the parties 547(c)(2)(B), which is a "subjective test", and ordinary in the industry 547 (c)(2)(C), which is an "objective test".)

file for bankruptcy relief.[14]   Citizens Bank points out that the Trustee makes statements about the purpose of the loan based on his review and misconstrual of one page of a two year old financial statement provided by Mr. Rivzi to Citizens Bank when the Debtor and the other Defendants sought to restructure the line of credit.  Affidavits prepared by Mr. Manning, the loan officer who handled the processing of the loan, state that Citizens Bank requested financial statements from Debtor and the other defendants because they were seeking to restructure TNM, LLC's existing credit line.  Courts have found re-financing arrangements similar to the agreement herein satisfy the first requirement of the ordinary course of business exception.[15]  "The mere restructuring of the payment terms does not alter the fact that the underlying debt was incurred under normal circumstances."[16]   Here, the following facts are clear: Debtor and Citizens Bank had an existing banking relationship wherein they agreed to restructure certain existing business debt.  Whether Citizens Bank was aware of any impending bankruptcy filings by Debtor's business entity is irrelevant given the separation of time between the inception of the loan and the bankruptcy filings.  The Court is persuaded that this loan was established in the

---

[14] TNM LLC filed for relief under Chapter 11 approximately seven months after the loan was refinanced.  See Case No. 11-05-10788 (Docket # 1).  Debtor filed for relief under Chapter 7 more than a year after the loan documents were executed.  See Case No. 7-05-20733 ML (Docket #1)

[15] *In re Magic Circle Energy Corp.*, 64 B.R. 269, 270-273 (Bankr. W.D. Okla. 1986)(where the debtor entered into a work out plan about a year and a half before the bankruptcy filing and executed a promissory note calling for monthly installment payments over a seven year period... The Court held that the mere restructuring of payment terms does not alter the fact that the underlying debt was incurred under normal circumstances.)  See also, *Johnston Industries, Inc. V. CB& T Bank of Russell County* (*In re: Johnston Industries, Inc*.) 357 B.R. 907(Bankr. MDGa2006)(holding that the debt, where guarantors of previous business loans obtained promissory notes, was incurred in the ordinary course of business.)

[16] *In re Magic Circle Energy Corp.*, 64 B.R. 269, 273 (Bankr WD Okla. 1986).

ordinary course of business between the parties to restructure existing debt. Based on the facts herein, the Court finds that Citizens Bank has satisfied the first requirement of the exception under §547(c)(2)(A).

**11 USC §547(c)(2)(B)**

The subjective test requires the Court to consider the following four factors by comparing pre-preference period transfers with preference period transfers: (1) the length of time the parties were engaged in the transaction at issue; (2) whether the amount or form of tender differed from past practices; (3) whether the debtor or creditor engaged in any unusual collection or payment activity; and (4) the circumstances under which the payment was made.[17] Citizens Bank introduced evidence of the payments through the affidavit of Hotch Manning. Although the loan was restructured in July 2004 and the initial payment was due August 29, 2004, the first payment on the restructured debt was not made until November 15, 2004. Once the Debtor began making the requisite payments, the records reflect the amount, method and date of each payment was consistent with the loan documents. Mr. Manning produced copies of the checks and a ledger reflecting the Debtor's regular monthly payments for the better part of a year. There is nothing contained in these documents suggesting that the amount or form of payment differed from the historical practice during the months preceding the preference period. The records provided by the bank do not reflect any unusual collection activity nor is there any unusual payment activity.

The Trustee takes issue with Debtor's initial failure to begin making payments according to the note and the fact several payments made in November 2004 allowed the Debtor to catch

---

[17] *Sunset Sales, Inc.*, 220 B.R. at p.1020-21.

10

Case 07-01116-m    Doc 29    Filed 08/21/08    Entered 08/21/08 10:13:06    Page 10 of 14

up what the Trustee believes are late payments. But the Trustee only seeks recovery of payments made to Citizens Bank in July 2005, August 2005 and September 2005. During these months, and in fact from November 2004 through the filing of the bankruptcy, the records demonstrate that Debtor regularly made loan payments monthly on or about the 7th of each month by check in the amount designated by the loan documents. In its' Reply Citizens Bank asserts that the fact that the first payment was not made until November 2004 does not preclude summary judgment since Plaintiff does not seek to recover that payment because it is not within the preference period.[18] In his affidavit attached to Citizens Bank's Reply, Mr. Manning explains that the four guarantors were to be signers on the restructured debt. Citizens Bank was unable to obtain a signature from Vidya Bakshi, one of the co-defendants herein. As a result, Citizens Bank did not begin to service the loan in July 2004. Only after Debtor's insistence on making payments without obtaining Mr. Bakshi's signature did Citizens Bank agree to begin servicing the loan.

The Trustee attempts to bolster his argument by referring to collection activity pursued against the Debtor prior to the restructure. This is also irrelevant because the prior debt is not at issue in this proceeding.

The facts regarding the payments from November 2004 through September 2005 illustrate that the transfers made during the preference period meet the criteria set out in the subjective test of 11 USC §547(c)(2)(B). Therefore, the Court finds the second requirement of the ordinary business exception is met.

---

[18] Mr. Manning's second affidavit attached as an exhibit to Citizens Bank's Reply explains that the November payments were not considered late.

11

**11 USC §547(c)(2)(C)**

The final requirement of the ordinary business exception requires the Court to determine whether the transfers were made according to ordinary business terms.[19] The Tenth Circuit has interpreted the phrase "ordinary business terms" in the objective test of subsection (C) to mean those terms that are used in normal financing relations: the kind of terms that creditors and debtors use in ordinary circumstances when debtors are healthy.[20] The creditor must show that the disputed transaction was made in accordance with the standards of the relevant industry.[21] In addition, a creditor must produce objective evidence of the range of prevailing practices within the creditor's industry involving similar transactions to the transfer in question.[22] Courts have permitted such evidence to come from a variety sources including from a creditor's own corporate representative.[23]

In support of Citizens Bank's claim that the facts of the instant case meet this objective standard, Citizens Bank offers the Affidavit of Hotch Manning. The affidavit recites Mr. Manning's experience as a Board Member or bank officer for over twenty years and his familiarity with the banking business. Citizens Bank asserts that the promissory note at issue is on a standard industry form with terms that are not in any way unusual in the banking industry and attaches a copy of the note as Exhibit 1 to Mr. Manning's affidavit. Citizens Bank further

---

[19] *In re Rocor International, Inc*. 352 B.R. 319, 334 (Bankr.W.D.Okla.,2006)

[20] *In re Allied Carriers' Exchange, Inc.* (citing *Sunset Sales*, 220 B.R. at 1021)

[21] 352 B.R. at 334 (citing *In re Tolona Pizza Prods. Corp.*, 3 F.3d 1029, (7th Cir.1993).

[22] 352 B.R. at 335.

[23] *Id*. at 334-335.

12

states that the interest rate and payment schedule were fair and in no way out of the ordinary. Mr. Manning's affidavit specifically states that the rates were within industry norms in the area for July 2004.

The Trustee fails to provide any specific evidence to contradict any facts represented in Mr. Manning's affidavit regarding the banking industry. Nor does the Trustee provide his own expert witness to refute that the terms of the Promissory Note were anything but ordinary in the industry. Instead, Trustee asks the Court to strike certain paragraphs in Hotch Manning's Affidavit claiming that the testimony contains "ultimate facts and conclusions" and that Mr. Manning is not a qualified expert able to testify as to "ordinary course." The Court is not persuaded that paragraphs 3, 7, 8 and 10 of Mr. Manning's affidavit should be stricken in their entirety. Disregarding the sentences in Mr. Manning's affidavit containing the words "ordinary course of business," does not abrogate any essential facts necessary for the determination that the objective test is met. Although Mr. Manning is not disinterested in the outcome of this proceeding, he has personal knowledge of the facts and significant experience in the banking industry. As such, the Court is persuaded that the Promissory Note was based on ordinary business terms and the third requirement of the ordinary business exception is met.

Based on the foregoing, the Court concludes that the ordinary course business exception under 11 U.S.C. §547(c)(2) applies to prevent recovery of the loan payments. Citizens Bank of Las Cruces' Motion for Summary Judgment is GRANTED and Trustee's Cross-Motion for Summary Judgment is DENIED. The Court will enter a judgment consistent with this Order.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

13

Entered on Docket Date: August 21, 2008

Copy to:

David P. Lutz
PO Drawer 1837
Las Cruces, NM 88004-1837

Bonnie Bassan Gandarilla
George M. Moore
Moore, Berkson & Gandarilla, P.C.
PO Box 216
Albuquerque, NM 87103-0216

Jennie D Behles
PO Box 7070
Albuquerque, NM 87194-7070